# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

SYED TARIQ ALI,

  Plaintiff,

vs.

CHESTER MOYER, in his official capacity as Director of St. Louis Field Office of the U.S. Citizenship and Immigration Services;

DAVID DOUGLAS, in his official capacity as District Director of the Kansas City District Office, U.S. Citizenship and Immigration Services;

LEON RODRIGUEZ, in his official capacity as Director of U.S. Citizenship and Immigration Services;

LORETTA LYNCH, in her official capacity as Attorney General of the United States.

  Defendants.

Case No. 4:15-CV-1046

## **COMPLAINT**

Plaintiff Syed Tariq Ali asserts his cause of action against Defendants Chester Moyer, David Douglas, Leon Rodriguez and Loretta Lynch in in their official capacities as follows:

## **JURISDICTION AND VENUE**

1.    This is a civil action brought to compel Defendants, and those acting under them, to adjudicate Plaintiff's long pending Application for Naturalization (Form N-400).

2. As the Defendants have failed to undertake their mandatory duty to render a decision on this Application after a delay of over one year Plaintiff seeks a writ of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiff's Application. 28 U.S.C. § 1361 (West 2010).

3. Further, Plaintiff seeks to compel Defendants to adjudicate the Application, pursuant to the Administrative Procedures Act ("APA") because Defendants have "unlawfully withheld or unreasonably delayed" the adjudication of this Application. 5 U.S.C. § 706(1) (West 2010).

4. The jurisdiction of this Court is invoked pursuant to 8 U.S.C. § 1447(b) (West 2010), 28 U.S.C. § 1361 (West 2010) and 28 U.S.C. § 1331 (West 2010).

5. Venue is properly in this Court because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district. Upon information and belief, Plaintiff's N-400 file is currently located at the St. Louis office of USCIS. Therefore, venue is proper under 28 U.S.C. § 1391(e)(2) (West 2010).

## **PARTIES**

6. Chester Moyer is the Director of the USCIS St. Louis Field Office and he is sued only in his official capacity, as well as his successors and assign. The St. Louis Field Office is located within this judicial district at 1222 Spruce Street, Suite 2.205, St. Louis, MO 63103.

7. David Douglas is the District Director of the USCIS Kansas City District Office and he is sued only in his official capacity, as well as his

successors and assign. The Kansas City District Office is located at 10320 NW Prairie View in Kansas City, MO 64153.

8. Leon Rodriguez is the Director of the USCIS and is sued only in his official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the task of adjudicating applications for permanent residence status under § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255 (West 2010).

9. Loretta Lynch is the Attorney General of the United States who is sued only in her official capacity, as well as his successors and assigns. The Department of Justice is headquartered at 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

10. The USCIS, through the Kansas City District Office and the St. Louis Field Office, has a mandatory duty to act on applications for naturalization within a reasonable period of time.

11. Plaintiff is a U.S. lawful permanent resident.

12. Plaintiff has been a lawful permanent resident since February 12, 2010.

## NATURALIZATION PROCESS

13. Federal immigration law allows persons who have been residing in the United States as lawful permanent residents to become United States citizens through a process known as naturalization.

14.     A person seeking to naturalize must meet certain requirements under the INA, 8 U.S.C. § 1101 et seq., including a sufficient period of physical presence in the United States; good moral character; and an understanding of the English language and the history and government of the United States. 8 U.S.C. §§ 1423, 1427(a).

15.     A person seeking to naturalize must submit an application for naturalization to USCIS, along with a fee. 8 U.S.C. § 1445; 8 C.F.R. § 334.2.

16.     USCIS is the agency that is responsible for adjudicating naturalization applications. 8 C.F.R. § 100.2.  USCIS has a policy of processing naturalization applications in chronological order, based upon date of receipt of the application and fee. In accordance with this policy, when USCIS receives a naturalization application and fee, USCIS grants the applicant a "priority date" that is based on the date of receipt. INS Operation Instruction 103.2(q), available at Operations Instructions of the Immigration and Naturalization Service (Matthew Bender, 2007) (Lexis Immigration Library, Operations Instructions of the INS File).

17.     Once USCIS receives a naturalization application, it conducts a background investigation of the naturalization applicant. 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1.

18.     In 1997, Congress enacted a law requiring the INS (the predecessor agency to USCIS) to receive confirmation from the FBI that a "full criminal background check" has been completed on each naturalization applicant

prior to the completion of adjudication of that application. Public Law 105-119, Title I, III Stat. 2448-49 (Nov. 26, 1997).

19. In March 1998, to implement the FBI criminal background check law, the INS (USCIS's predecessor agency) promulgated a proposed rule for notice and public comment. See Requiring Completion of Criminal Background Checks Before Final Adjudication of Naturalization Applications, 63 Fed. Reg. 12979 (Mar. 17, 1998). Thereafter, after receiving public comment, INS promulgated a final regulation found at 8 C.F.R. § 335.2(b) to implement the 1997 law.

20. Under 8 C.F.R. § 335.2(b), the FBI performs a criminal background check on each naturalization applicant. This criminal background check involves a fingerprint check and database check that confirm whether or not the applicant has an administrative or criminal record. 8 C.F.R. § 335.2(b). Both of these criminal background checks are usually completed within days if not hours.

21. After USCIS completes the background investigation and the FBI completes the criminal background checks, USCIS schedules a naturalization examination, at which an applicant meets with a USCIS examiner who is authorized to ask questions and take testimony. 8 C.F.R. § 335.2(a). The examination typically includes questions testing the applicant's English literacy and basic knowledge of the history and government of the United States. 8 C.F.R. § 335.2(c).

22. The USCIS examiner must determine whether to grant or deny the naturalization application. 8 U.S.C. § 1446(d). Naturalization is not discretionary.

USCIS must grant a naturalization application if the applicant has complied with all requirements for naturalization. 8 C.F.R. § 335.3. USCIS must make a final determination on every naturalization application, either at the time of the examination or, at the latest, within 120 days after the date of the examination. 8 C.F.R. § 335.3.

23.    Defendants have failed to finally adjudicate the Plaintiff's application for naturalization within 120 days of the date of their naturalization examinations, in violation of 8 U.S.C. § 1447(b). Pursuant to 8 U.S.C. § 1447(b), this Court should exercise its authority to grant the Plaintiff" naturalization application, or to remand to CIS with appropriate instructions to finally adjudicate the application thereafter within a reasonable time period, as set forth in the prayer for relief below.

24.    8 U.S.C. § 1571(b) states, "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial date of filing of the application [.]" Naturalization applications are among the "immigration benefit applications" included within this provision. This provision, along with 8 U.S.C. § 1571(a), § 1572, and § 1573, make clear Congress' intent to eliminate persistent backlogs in the processing of immigration benefit applications. Moreover, Congress has defined the term "backlog" in the statute as "the period of time in excess of 180 days that such application has been pending before the Immigration and Naturalization Service." 8 U.S.C. § 1572(1).

25. 8 U.S.C. § 1571(b) provides the statutory guideline and "rule of reason" for determining whether naturalization applications are being processed in a timely manner. Under the most straightforward reading of 8 U.S.C. § 1571(b), all naturalization applications that are not finally adjudicated within 180 days of the date of submission are unreasonably delayed.

## PLAINTIFF'S NATURALIZATION CASE UNREASONABLY DELAYED

26. On or about July 3, 2014, Plaintiff filed his N-400 application for naturalization with the Defendants. USCIS sent receipt notices on the case to Plaintiff after assigning the case number NBC*005148818.

27. As part of the application process, USCIS took Plaintiff's fingerprints on July 31, 2014 so as to conduct a background check.

28. Since that time, Plaintiff has heard nothing from USCIS and his case has not been scheduled for an interview.

29. Plaintiff has made numerous attempts to contact USCIS to find out the status of his Application, but to no avail.

30. As of the date of this Complaint, Plaintiff has not received information as to if or when the N-400 application would be adjudicated.

31. Plaintiff seeks to pledge his allegiance to the United States and to participate fully in our society as a United States citizen. Having qualified to do so after years of working in the United States and contributing to the community, Plaintiff seeks only what the law provides, which is a final decision on his naturalization application within the reasonable timelines required by law.

32. Defendants' unlawful conduct has deprived Plaintiff of the privileges of United States citizenship. Plaintiff cannot vote, serve on juries, expeditiously sponsor his immediate relatives living abroad for permanent residence, receive business and education loans and benefits reserved for citizens, participate in the Visa Waiver Program, or travel abroad and return to the U.S. without fear of exclusion from this country. Plaintiff's experience is typical of tens of thousands of other naturalization applicants around the country who have suffered unreasonable and unlawful delays in the naturalization process because of pending background checks.

33. Plaintiff is unable to resolve this matter through administrative channels or otherwise, and mandamus and APA relief are the only viable means of obtaining the adjudication of Plaintiff's pending matters.

34. Plaintiff has made numerous InfoPass appointments at USCIS.

35. Plaintiff has called the 1-800 number and spoken to supervisors but has received no relief.

36. Defendants' delay in adjudicating Plaintiff's N-400 Application is unreasonable in relation to their stated processing times for like applications.

37. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(l) (West 2010).

38. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361 (West 2010).

39.     Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiff's application.

40.     Defendants owe Plaintiff the duty to act upon his application for naturalization and have unreasonably failed to perform these duties.

WHEREFORE, Plaintiff prays that the Court:

(a)     Compel Defendants and those acting under them to perform their duties owed to Plaintiff by adjudicating the Application;

(b)     Grant attorney's fees, costs of court and all further relief available to Plaintiffs under the Equal Access to Justice Act, 5 U.S.C. § 504 (West 2010); and

(c)     Grant such other and further relief as this Court deems proper under the circumstances.

HACKING LAW PRACTICE, LLC

*/s/ James O. Hacking, III*
James O. Hacking, III, Mo. Bar. # 46728
34 N. Gore, Suite 101
St. Louis, MO 63119
Phone: (314) 961-8200
Fax: (314) 961-8201
Email: jim@hackinglawpractice.com